UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KING K. GARDNER,

        Plaintiff,

    v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

        Defendant.

Case No. C04-5545 FDB

ORDER FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b)

This matter comes before the Court on Plaintiff's motion for authorization of attorney fees under 42 U.S.C. § 406(b). Counsel for Plaintiff seeks a gross fee award of $32,504, and a net award of $16,629.35. The Commissioner has filed a response to Plaintiff's motion requesting that Plaintiff's request be partially rejected and the amount reduced.

**42 U.S.C. § 406(b)**

Attorney's fees may be awarded to a successful social security claimant's lawyer for his or her representation before a court pursuant 42 U.S.C. §§ 406(b); Straw v. Bowen, 866 F.2d 1167 (9th Cir. 1989). Plaintiff must apply to the Social Security Administration for an award of fees for representation at the administrative level. 42 U.S.C. § 406(a); Stenswick v. Bowen, 815 F.2d 519 (9th Cir. 1987). Previously, this Court awarded Plaintiff's counsel the amounts of $5,067.50 and

ORDER - 1

$5,447.15 pursuant to the Equal Access to Justice Act (EAJA).  The net award of § 406(b) fees that Plaintiff's attorney seeks, $16,629.35 is the balance remaining after the amount withheld, 25% of the of past-due benefits award of $130,504, is reduced by the EAJA fees and $5,300.00 already paid as attorney fees in the administrative proceeding..

Under 42 U.S.C. § 406(b)(1)(A) the court can only award fees up to the 25 percent withheld from the past-due benefits.  This 25 percent limit applies to the total of EAJA and § 406(b) fees combined.  See, Morris v. Social Sec. Admin., 689 F.2d 495, 497-98 (4th Cir. 1982); Webb v. Richardson, 472 F.2d 529, 536 (6th Cir. 1972); Dawson v. Finch, 425 F.2d 1192, 1195 (5th Cir. 1970).  The regulations define "past-due benefits" to mean:

> the total amount of benefits payable under title II of the Act to all beneficiaries that has accumulated because of a favorable administrative or judicial determination or decision, **up to but not including the month the determination or decision is made**.

20 C.F.R. § 404.1703 (2008) (emphasis added).  As detailed by the Commissioner, the favorable decision that resulted in past-due benefits was issued by an Administrative Law Judge on September 26, 2008.  Therefore, past-due benefits for purposes of calculating attorney fees under 42 U.S.C. § 406(b) ended in August 2008.  Monthly benefits payable in September 2008 were $1,900.10.  Accordingly, past-due benefits subject to attorney fees are thus $128,115.90

Twenty-five percent of past due benefits is $32,028.98.  Applying the deductions proposed by Plaintiff, and not objected to by the Commissioner, Plaintiff is entitled to a net fee under § 406(b) of $16,154.33.

## Conclusion

The Court concludes that an attorney's fees award of $32,028.98 is reasonable within the meaning of § 406(b).  Subtracting the previously awarded EAJA fees and other attorney fees previously paid, counsel is entitled to a net award of $16,154.33.

ORDER - 2

ACCORDINGLY;

IT IS ORDERED:

Plaintiff's Motion for an Award of Attorney's Fees [Dkt #34] is **GRANTED**. Plaintiff's counsel is awarded 42 U.S.C. § 406(b) gross attorney fees in the sum of $32,028.98. The Commissioner is directed to subtract the previously awarded EAJA fees and other attorney fees paid counsel and send to Plaintiff's counsel an award of $16,154.33., minus any applicable processing fees as allowed by statute.

DATED this 20th day of July, 2009.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 3